HIRAM BELLOWS *v.* ROYAL T. BINGHAM, *apt.*

## Contract.

M. C. contracted to work for the defendant for an entire term, and before its expira-
tion gave the plaintiff an order for a part of his wages. The defendant accepted
the order so far as he was owing M. C. or should be owing him at a subsequent
specified time. Soon after this acceptance, and before the expiration of the term,
M. C. abandoned the defendant's service and absconded, thereby damnifying the
defendant to a greater amount than would be due him, *pro rata,* for the time he
had labored. *Held,* that the defendant's acceptance was absolute and uncondi-
tional as to the amount then due, and obligated him to pay the plaintiff the wages
of M. C., *pro rata,* to the time of the acceptance, without deduction on account of
the damage subsequently sustained.

ASSUMPSIT on an order drawn by Moses Cart on the defendant,
in favor of the plaintiff, and accepted by the defendant, said order
and acceptance being as follows:

"Mr. R. T. Bingham: *Sir,* — Please to pay Hiram Bellows
"seventy-five dollars in cash and one hundred and twenty-five dol-
"lars in good saleable young cattle, by the first day of October
"next. *Fletcher,* February 25th, 1852."

(signed)                "MOSES CART."

"I accept this order, so far as I am owing said Moses Cart, or
"shall be owing him the first of Oct. next.  February 25, 1852."

(signed)                "R. T. BINGHAM."

The execution and acceptance of the order were admitted, and
on the trial of the case the following facts appeared.

On the 6th of October, 1851, Cart entered into a written agree-
ment with the defendant to work for him for two years from that
date, for the sum of five hundred dollars; one hundred and fifty
dollars in cash and three hundred and fifty dollars in cattle, grain
and produce; payable part in the month of January, 1853, and
part in the month of January, 1854.  The order was given to
apply, when paid, on notes which the plaintiff held against the
said Cart.

The plaintiff, at the time the order was accepted, knew of the
existence of a contract between the defendant and Cart, by which
Cart was to labor for the defendant for some period of time then
unexpired; and that the indebtedness of the defendant to Cart,
whatever it might be, was for wages under said contract, but he

did not know of the particular stipulations of said contract, further than is above stated.

Cart commenced work under the contract at its date, and continued to work under it until about the 31st of March, 1852, when he absconded from the state and abandoned his contract, without the knowledge or consent of the defendant;—and the defendant sustained a loss, much more than the amount due from him to Cart, in consequence of Cart's abandoning said contract.

Upon the foregoing facts, the county court, June Term, 1855,—PECK, J., presiding,—decided that the defendant, by his acceptance, had bound himself to pay to the plaintiff whatever balance he owed Cart at the time of the acceptance; and, from evidence in the case, the court found that the defendant was owing Cart eighteen dollars and sixty-eight cents, computing the time which the said Cart had worked, by the month, at the rate of five hundred dollars for two years, without deducting anything for damages for abandoning the contract, and rendered judgment for the plaintiff for that sum, to which the defendant excepted.

*H. G. Edson* for the defendant.

*H. R. Beardsley* for the plaintiff.

The opinion of the court was delivered by

BENNETT, J. The defendant's acceptance of the draft of Cart upon him, is *special,* and we must look to the terms of it to learn the extent of the defendant's liability upon it. The language of the acceptance is, " I accept this order *so far as I am owing Moses Cart,* or shall be owing him the first of October next." It seems Cart was to work for the defendant under a special contract of the 6th of October, 1851, for the term of two years from the date. of the contract, for the sum of five hundred dollars, part payable in January, 1853, and a part payable in January, 1854. On the 31st of March, 1852, Cart quit his work, without the fault of the defendant, and run away; and the case finds that the defendant's damage occasioned by the breach of the contract on the part of Cart, was more than what he was owing Cart for the time he worked for him under the contract. Though it should be conceded

that Cart could not maintain an action against the defendant, yet that is not the test of the defendant's liability. The acceptance was had while Cart was in the employ of the defendant under his contract, and looks to two periods of time, 'the present and the future. We think the acceptance binds the defendant to pay to the extent he owed Cart for labor at the time he accepted his draft, though by the terms of the contract between the defendant and Cart it did not become due and payable until a future time. The language is, "I accept this order so far as I am owing Cart," clearly referring to the time of acceptance. If the defendant, in his acceptance, did not take the precaution to protect himself against the contingency that thereafter happened, the plaintiff should not be the loser by it. We are to presume the plaintiff acted upon the faith of this acceptance, and, as to him, the defendant must be bound by it. The defendant cannot be bound to pay anything on his acceptance for what transpired subsequent to it. Nothing was owing from the defendant to Cart on the first of October subsequent to the acceptance. The defendant might well set off the damages he had sustained against any claims which Cart could make upon him, if he had any, and there is nothing in the latter clause of the acceptance which can preclude the defendant from making use of the same matter as a defense against this plaintiff.

Judgment affirmed.